ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES RECURRIDO V. ÁNGEL RODRÍGUEZ TORRES, ÁNGEL RODRÍGUEZ RODRÍGUEZ, ROSSANA RODRÍGUEZ RODRÍGUEZ RECURRENTE | KLRA202400628 | *Revisión Administrativa* procedente del Departamento de Recursos Naturales y Ambientales<br><br>Núm. 05-054-ZMT<br><br>Sobre: Violación al Artículo 5(b) de la Ley 23 del 20 de junio de 1972, según enmendada; al Artículo 4, Sec. 4.2 del Reglamento 4860 de 29 de diciembre de 1992, Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las Aguas Territoriales, Los Terrenos Sumergidos Bajo Estas y la Zona Marítimo Terrestre |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante nos, el señor Ángel Rodríguez Rodríguez (recurrente o señor Rodríguez Rodríguez) y solicita la revocación de una *Resolución* emitida el 27 de agosto de 2024, depositada en el correo el 5 de septiembre de 2024, por el Departamento de Recursos Naturales y Ambientales (agencia o recurrido).[1] En esta, la agencia ordenó al recurrente pagar una multa de $5,000.00 y remover una estructura (denominada "muelle") ubicada en una franja de manglar de la Bahía de Jobos en el Municipio de Guayama.

---
[1] Apéndice, págs. 1-3.

Número Identificador

SEN2024_____

Por los fundamentos que exponemos a continuación, se revoca la *Resolución* mediante la cual la agencia recurrida denegó la *Moción Solicitando Reconsideración y Solicitud de Desestimación* instada el 25 de septiembre de 2024 por el recurrente y devolvemos el caso ante la atención de la agencia para que atienda y adjudique dicho petitorio en los méritos. Veamos.

## I.

La presente causa inició hace casi 20 años, cuando la agencia recurrida notificó una *Querella,* al señor Ángel Rodríguez Torres (señor Rodríguez Torres), padre del recurrente, señor Rodríguez Rodríguez. En esta, la agencia recurrida le imputó al señor Rodríguez Torres, violación al Artículo 5(h) de la Ley Núm. 23 de 20 de junio de 1972, según enmendada, y la sección 4.2 del Reglamento número 4860, conocido como *Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las Aguas Territoriales, los Terrenos Sumergidos bajo Estas y la Zona Marítimo Terrestre.* Ello, debido a la construcción de un muelle adyacente a la Reserva de Investigaciones Estuarinas de Bahía de Jobos, sita en el Municipio de Guayama. En la misma notificación, se citó al señor Rodríguez Torres a comparecer a una conferencia con antelación a vista a celebrarse el 4 de abril de 2005.

El señor Rodríguez Torres acreditó su contestación a la *Querella* y culminado el descubrimiento de prueba instó un petitorio desestimatorio sumario. La agencia recurrida denegó la referida moción y mediante *Resolución* emitida el 31 de octubre de 2006, ordenó la celebración de una vista administrativa.[2] El día de la vista, se personó el señor Rodríguez Rodríguez, para informar que, el señor Rodríguez Torres, quien en vida fue su padre, había fallecido. Dejó su dirección y la de su hermana, la señora Rosanna Rodríguez Rodríguez.[3]

---

[2] Apéndice, págs. 63-64.
[3] Apéndice, pág. 19.

Surge del expediente que, transcurrido más de cuatro años, el 18 de julio de 2012, la agencia presentó y notificó una *Querella Enmendada* sobre los mismos hechos y derecho. En esta ocasión, incluyó a la señora Rosanna Rodríguez Rodríguez y al señor Rodríguez Rodríguez. No es hasta el 2017 que, la agencia señaló varias vistas, las que por distintos motivos se pospusieron. Tras el paso del Huracán María por Puerto Rico, la agencia señaló una vista para el 10 de noviembre de 2017, la cual fue pospuesta para el 7 de febrero de 2018 y días después, el 13 de febrero de 2018, ante la incomparecencia de los querellados, la agencia le anotó la rebeldía.[4] La vista en rebeldía fue celebrada el 16 de mayo de 2018 y luego de cuatro (4) años, el 13 de abril de 2022, la Oficial Examinadora emitió su Informe. Dos años más tarde, la agencia recurrida emitió la *Resolución* recurrida, el 27 de agosto de 2024, la cual indica en su última página, la notificación en autos fue el 29 de agosto de 2024. En esta, la agencia acogió el Informe de la Oficial Examinadora. En su consecuencia, impuso una multa de $5,000.00 contra los querellados y ordenó la demolición de la estructura. Ahora bien, surge del expediente copia del sobre y la tarjeta del correo certificado utilizado para notificar el dictamen administrativo, lo cual refleja el depósito en el correo a la fecha de 5 de septiembre de 2024.

En reacción, el señor Rodríguez Rodríguez presentó una *Moción Solicitando Reconsideración y Solicitud de Desestimación,* el 25 de septiembre de 2024. En esencia, indicó que, la *Resolución* no incluye hechos y derecho, como tampoco fue notificada a la señora Rosanna Rodríguez Rodríguez. Además, arguyó que, la agencia no realizó un deslinde previo a la presentación de la *Querella,* según obliga el Artículo 4.2(h) del Reglamento 4860, *supra.* Destacó que, la tardanza expuesta en el tracto procesal demuestra una demora irrazonable que violenta las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) y el

---

[4] Apéndice, págs. 20-21.

Reglamento 6442 conocido como el Reglamento de Procedimientos Administrativos del Departamento de Recursos Naturales y Ambientales de Puerto Rico. Siendo de cumplimiento estricto los referidos términos, el recurrente arguyó que, la agencia no acreditó justa causa por su demora excesiva en el trámite. Por último, expuso que, ante el fallecimiento de su padre (señor Rodriguez Torres), procedía una sustitución de parte y no una enmienda a la *Querella*. Por todo lo antes, solicitó la revocación de la multa y la orden impuesta en su contra.

El petitorio de reconsideración fue referido a la Oficial Examinadora y mediante su correspondiente Informe indicó que, dicha moción fue presentada tardíamente.[5] Ello, por entender que, la *Resolución* recurrida fue emitida el 27 de agosto de 2024 y notificada el 29 de agosto de 2024. Indicó que, la moción de reconsideración fue radicada 27 días después del archivo en autos de la *Resolución*. En su Informe expuso que, la Regla 3.15 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9655, establece el término de veinte días para instar la reconsideración a partir de la notificación en autos de la resolución. Distinto a las reglas procesales ordinarias que, permiten considerar la fecha del depósito en el correo, la Oficial Examinadora destacó que dicho criterio no surge de la LPAU, Ley 38-2017, *supra*. Acogida la recomendación, la agencia declaró no ha lugar la solicitud de reconsideración. La referida determinación fue notificada el 31 de octubre de 2024.[6]

Inconforme, el señor Rodríguez Rodríguez acude ante esta Curia y señala los siguientes errores:

> Erró el DRNA en demorarse excesivamente en la preparación del Informe del Oficial Examinador, así como la emisión y notificación de la Resolución, objeto de Revisión Judicial.
>
> Erró el DRNA al emitir una Resolución sin establecer las determinaciones de Hecho y de Derecho que sostienen su determinación, sin especificar en la certificación de su resolución el nombre o dirección del DRNA y/o sus oficiales, la cual en calidad de parte fue notificada del dictamen, así

---

[5] Apéndice págs. 14-17.
[6] Apéndice, págs. 12-13.

como notificar a la co-querellada de manera pro forma, a una dirección que el propio DRNA sabe por años que no la va a recibir.

Erró el DRNA en su notificación de la "Querella Enmendada", al omitir en el texto de las infracciones imputadas por el DRNA, texto pertinente que hubiera reconocido derechos al recurrente y hubiera convertido la referida querella en improcedente en derecho.

Erró el DRNA al declarar ha lugar la "Querella Enmendada" basándose en alegadas infracciones a una disposición reglamentaria ambigua y sin haber hecho una determinación de hechos cuándo o si tan siquiera se realizó el deslinde de la ZMT.

Hemos examinado con detenimiento el recurso ante nos y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).[7]

## II.

### A. Revisión de Decisiones Administrativas y la Reconsideración

Sabido es que, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego de agotar los remedios provistos por el organismo correspondiente. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64, resuelto el 18 de junio de 2024. A esos efectos, la Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las conclusiones de derecho de los organismos administrativos pueden ser revisadas por el Tribunal de Apelaciones en todos sus aspectos. *Otero Rivera v. Bella Retail Group, Inc. y otros,* 2024 TSPR 70, resuelto el 24 de junio de 2024.

Sin embargo, los foros apelativos deben ser deferentes ante los dictámenes de las agencias administrativas en atención a la

---

[7] En atención a nuestra *Resolución* emitida el 18 de noviembre de 2024, la parte recurrida, Departamento de Recursos Naturales y Ambientales instó una *Solicitud de remedio,* la cual declaramos No Ha Lugar.

vasta experiencia y al conocimiento especializado que les ha sido encomendado. Cabe señalar que, la tradicional deferencia cede cuando el ente administrativo haya actuado de manera irrazonable o ilegal, o que la interpretación administrativa conduzca a la comisión de una injusticia. *Buxó Santiago v. Estado Libre Asociado de Puerto Rico; Luis A. Pérez Vargas en su carácter oficial como Director de la Oficina de Ética Gubernamental,* 2024 TSPR _____, resuelto el 10 de diciembre de 2024.

Análogamente, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 115 (2023). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por ello, el Tribunal Supremo de Puerto Rico ha resuelto con igual firmeza que los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o, simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra,* dispone que las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Aun así, estas no deben ser descartadas libremente ni ser sustituidas por el criterio propio de los tribunales. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra.

Como se sabe, las agencias administrativas son en muchas ocasiones los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Íd.* Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su

propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016).

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Otero Rivera v. Bella Retail Group, Inc. y otros, supra.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Jta. Planificación et al., 204 DPR 581 (2020); Rebollo v. Yiyi Motors,* 161 DPR 69 (2004). De no identificarse y demostrarse otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *Otero Rivera v. Bella Retail Group, Inc. y otros, supra.* En cuanto a los términos aplicables tras la presentación de una moción de reconsideración ante un organismo administrativo, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, establece que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare

dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

**Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. (Énfasis nuestro).**

### III.

Al entender sobre la presente causa nos corresponde determinar -como un asunto de umbral que incide sobre nuestra jurisdicción- si la agencia recurrida actuó correctamente al rechazar la *Moción Solicitando Reconsideración y Solicitud de Desestimación* presentada por el recurrente el 25 de septiembre de 2024 por su presunta radicación tardía. Por los fundamentos que procedemos a exponer, colegimos que, el error sobre dicho asunto se cometió, por lo que compete devolver el caso ante la consideración de la agencia para que proceda atender los planteamientos esbozados por el recurrente en dicho petitorio. Nos explicamos.

Conforme surge del tracto procesal antes reseñado, la *Resolución* recurrida fue emitida por la agencia el 27 de agosto de 2024. Ahora bien, se desprende del dictamen administrativo una certificación correspondiente a la notificación en autos, la cual indica el día, 29 de agosto de 2024. Sin embargo, surge del expediente un sobre dirigido al recurrente por correo certificado mediante el cual se demuestra la fecha del depósito en el correo correspondiente al día, 5 de septiembre de 2024. Lo antes,

necesariamente representa una fecha distinta a la indicada en la notificación en autos expuesta en la *Resolución* recurrida.

En su correspondiente evaluación de la *Moción Solicitando Reconsideración y Solicitud de Desestimación,* la Oficial Examinadora concluyó que, la referida moción se había radicado fuera de los términos dispuestos en ley. Ello, por entender que los términos para presentar una solicitud de reconsideración comenzaron a decursar desde el 29 de agosto de 2024 (fecha indicada en la notificación en autos) y no desde el 5 de septiembre de 2024 (fecha del depósito en el correo postal). Como parte de su análisis, la Oficial Examinadora se limitó a citar la primera oración de la Sección 3.15 de la LPAU, *supra,* la cual indica que el término dispuesto para instar una reconsideración es desde la notificación en autos.  En su informe destacó que, a su entender, la LPAU, *supra,* no contempla el escenario cuando la fecha de notificación en autos es distinta a la fecha del depósito en el correo. Fundamentándose en dicho análisis, la Oficial Examinadora recomendó denegar el referido petitorio ante su radicación tardía y así lo dictaminó la agencia.  Erró en su proceder.

De una lectura de la Sección 3.15 de la LPAU, *supra,* resulta evidente que, dicha disposición estatutaria contempla en su último párrafo lo siguiente: "[...]Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. Sec. 3.15 de la LPAU, *supra.*

El recurrente plantea que presentó su *Moción Solicitando Reconsideración y Solicitud de Desestimación* dentro del término legal dispuesto en la LPAU, *supra.* Le asiste la razón. Al utilizar la fecha del depósito en el correo (5 de septiembre de 2024), para calcular el término para presentar una reconsideración, concluimos que, el referido petitorio fue presentado oportunamente ante la

agencia el 25 de septiembre de 2024, dentro de los veinte días que exige dicha norma procesal administrativa. Acogida la moción colegimos que, se interrumpieron los términos para acudir ante esta Curia, en revisión administrativa. En su consecuencia, determinamos que, los asuntos planteados por el recurrente, ante la agencia recurrida, debieron ser atendidos en sus méritos.

A esos efectos, revocamos el dictamen mediante la cual la agencia denegó la *Moción Solicitando Reconsideración y Solicitud de Desestimación* y devolvemos el caso ante su atención para que proceda con el análisis y adjudicación de los asuntos planteados. Conforme a ello, resulta innecesario atender los demás señalamientos de error.

**IV.**

Por todo lo antes, revocamos el dictamen mediante la cual la agencia denegó la *Moción Solicitando Reconsideración y Solicitud de Desestimación* y devolvemos el asunto para que proceda conforme lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones